# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Gallagher-Kaiser Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Liberty Duct, LLC; et al.,<br><br>Defendants. | Case No. 2:14-cv-00869-GMN-DJA<br><br>**Order** |

Before the Court is the parties' joint discovery plan and scheduling order.[1] (ECF No. 169). Gallagher-Kaiser Corporation; Bio-Shield Tech LLC; and Hartford Casualty Insurance Company propose deadlines for discovery. NGM Insurance Company proposes a stay of discovery until after the Court issues a decision on its pending motion to dismiss. However, NGM has not separately moved to stay discovery or provided the appropriate analysis for the Court to do so. *See Schrader v. Wynn*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at \*4 (D. Nev. Oct. 14, 2021) (providing that a court may grant motions to stay discovery when a dispositive motion is pending if: (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery). The Court thus grants the discovery

---

[1] Plaintiff Gallagher-Kaiser Corporation and Defendants Bio-Shield Tech LLC; Hartford Casualty Insurance Company; and NGM Insurance Company all agreed to the discovery plan and scheduling order. Counsel for Liberty Duct, LLC withdrew from the case and no additional counsel has made an appearance. The parties thus sent a copy of the discovery plan and scheduling order to the last known contact for Liberty Duct, but received no response. Because not all parties have joined the motion, the Court refers to it as joint—rather than stipulated—discovery plan and scheduling order. *See* Local Rule 7-1(c) ("[a] stipulation that has been signed by fewer than all the parties or their attorneys will be treated—and must be filed—as a joint motion.").

schedule proposed in the discovery plan (with the exception of certain dates that do not comport with the timeframes outlined in Local Rule 26-1(b)) and denies NGM's request to stay discovery.

**IT IS THEREFORE ORDERED** that the parties' joint discovery plan (ECF No. 169) is **granted in part and denied in part.** It is granted in part regarding the proposed discovery plan and the parties' other agreed-upon provisions. It is denied in part regarding certain of the parties' deadlines and NGM's request to stay discovery.

**IT IS FURTHER ORDERED** that the below deadlines shall govern discovery:

| | |
|---|---|
| Initial disclosures: | June 26, 2023 |
| Amend pleadings/add parties: | November 30, 2023 |
| Expert disclosures: | January 2, 2024[2] |
| Rebuttal expert disclosures: | February 1, 2024 |
| Close of discovery: | February 28, 2024 |
| Dispositive motions: | March 29, 2024 |
| Joint pretrial order: | April 29, 2024[3] |

DATED: June 2, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] This date has been moved to the next date that is neither a holiday nor a weekend.

[3] This date has been moved to the next date that is not a weekend. Additionally, under Local Rule 26-1(b)(5), "[i]f dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order."